UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Catherine M. Pierce and Cindy Storlie, legal and natural guardian to minor, A.L.S.,

Plaintiffs,

vs.

Rainbow Foods Group, Inc., a Nevada corporation, d/b/a Rainbow Foods and John Albert Martinson,

Defendants.

Court File No. CV-1817 (DDA/FLN)

**STIPULATION AND PROTECTIVE ORDER**

The parties stipulate and agree that the Court can enter the following Order.

**Nichols, Kaster & Anderson**

By______________________
Donald H. Nichols, Esq. (#78918)
Paul J. Lukas, Esq. (#22084X)
4644 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 338-1919
**Attorney for Plaintiffs**

**RIDER, BENNETT, EGAN & ARUNDEL**

By______________________
John D. Thompson (#178676)
Suite 2000
333 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 340-8973
**Attorneys for Defendant Rainbow Foods Group, Inc.**

2/23/01

3-12-01
... DOSAL, CLERK
... D ______
DEPUTY CLERK ______

**ORDER**

It appearing that a Protective Order is necessary and appropriate in regard to the discovery requests in this matter, **IT IS HEREBY ORDERED THAT:**

1. For purposes of this Protective Order, Cindy Storlie and her daughter, A.L.S. are deemed to be the same entity, i.e., a plaintiff or party to this lawsuit.

2. Any party to this action or other person from whom discovery or information is sought may designate as "confidential" any documents, interrogatory answers, responses to requests for admissions, deposition transcripts, trial testimony and any other documents, materials and information (hereinafter collectively referred to as "Protected Materials") heretofore or hereafter produced or disclosed in this action if and to the extent the Protected Materials contain, reveal, or relate to confidential information. Rainbow Foods may designate as "Attorney's Eyes Only" any Protected Materials as ordered by the United States Magistrate Judge (including but not limited to the Magistrate Judge's Order of February 20, 2001). Protected Materials shall be stamped with the words "Confidential" or "Attorney's Eyes Only."

3 Protected Materials shall be used by the persons identified in paragraphs 4 and 5 only for purposes of and in connection with the above-captioned matter.

4 Material stamped "Confidential" may be shown or disclosed by the receiving party to the following persons:

(a) counsel for such party, including both in-house and outside counsel, their partners and associates, and stenographic, secretarial, paralegal, and clerical employees;

(b) experts or consultants retained by such party (unless such expert is a competitor of the producing party), including their partners and associates, and stenographic, secretarial, and clerical employees; and

(c) any person who prepared or originated the document or who is indicated on its face as a recipient of the original or copy thereof or who otherwise legitimately received a copy of the document in the ordinary course of business.

5 Protected Materials stamped "Attorney's Eyes Only" may be shown or disclosed by plaintiff's attorneys to the same persons to whom material stamped "Confidential" may be shown or disclosed as set forth in paragraph 4 of this Order, except that Protected Materials stamped "Attorney's Eyes Only" may not be shown, disclosed, or otherwise revealed to plaintiff.

6 Prior to the disclosure of Protected Materials to any person listed in paragraph 4(b), the receiving party shall:

(a) provide such person with a copy of this Protective Order; and

(b) obtain from such person a signed statement in the form attached hereto as Exhibit A. (Such statement shall be retained by the party and need not be filed with the court or served upon opposing counsel unless required by court order.)

7 Any person listed in paragraphs 4 or 5 who has received any Protected Materials shall:

(a) read this Order;

(b) use such Protected Materials only for purposes allowed by this Order;

(c) not disclose or discuss such Protected Materials except as authorized by this Order; and

(d) not utilize such Protected Materials except as necessary for the prosecution or defense of this action or as otherwise authorized by this Order.

8 With respect to the testimony of a party, a party's officers, directors, agents, consultants, experts, and/or employees, or other person elicited during depositions, whenever counsel for a party or other person deems that any question or line of questioning calls for the disclosure of information which should be treated as Protected Materials, counsel shall designate on the record prior to such disclosure that such disclosure is Protected Material. In such situations, counsel may exclude from the room any person (other than the witness then testifying) who is not entitled under this Order to receive Protected Materials. The questions and answers designated by counsel as pertaining to Protected Materials shall be transcribed separately from the remainder of the deposition. Portions of transcripts designated as including Protected Materials that are transcribed separately shall be retained by counsel, unless filed in this Court, in which event they shall be filed in this Court in an envelope under seal and the envelope shall include on its face the statement reflected in paragraph 12 of this Order. In cases in which testimony designated as Protected Materials contains information also protected as "Attorney's Eyes Only," such designated portions of the deposition transcript shall not be disclosed to the plaintiffs, except as authorized by this Order. Notwithstanding any other provision of this paragraph, a party may designate portions of a deposition transcript as Protected Materials within one week of receipt of the deposition transcript.

9. All produced Protected Materials shall be carefully maintained by counsel to protect their confidentiality. The parties shall cooperate in an effort to ensure that all parties will be able

fully to prepare their cases for trial, advise their clients, and present their case at trial while still maintaining the confidentiality of their opponent's information. If the parties do not agree how to handle Protected Materials at trial, the Court shall direct how such materials shall be handled.

10 Nothing in this Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things is or is not confidential or proprietary in nature.

11 This Order shall not in any way limit any party's or person's use of information obtained from sources other than a producing party or person, who had legitimately obtained such information in the ordinary course of business, whether or not such information is also contained in Protected Materials provided by a producing party.

12 In the event that counsel for any party decides to file with the Court any Protected Materials or any papers containing or making reference to such material or information, such documents, or the portions of them that contain Protected Materials, shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

<u>CONFIDENTIAL</u>

> The envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Protected Materials.

All such material so filed shall be maintained by the Court Administrator under seal and separate from the public records in this action and shall be released only upon further Order of the Court.

13 This Order shall be without prejudice to the right of any party or person to oppose production of any information for lack of relevance or on any other ground.

14 On final termination of this action, each party or other persons subject to the terms hereof shall assemble and destroy or return to the producing party or person all Protected Materials

produced in this action, all copies, summaries, and abstracts thereof and all other materials, memoranda, or documents constituting or containing confidential information or Protected Materials. If a party chooses to destroy such materials, that party shall certify to the producing party or person the destruction of all such materials. Notwithstanding the foregoing, counsel of record for each party may retain one copy of each document constituting or containing such Protected Materials solely for reference in the event of a dispute over the use or dissemination of such confidential information in violation of the terms of this Protective Order.

15 Any party or person for good cause may apply to the Court for a modification of this Protective Order.

16 Nothing herein shall prevent disclosure of Protected Materials if the party or person designating the information as Protected Materials consents to such disclosure.

17. Subject to and consistent with the other provisions of this Order, information designated as "Protected Materials" by a corporation may be introduced at the deposition of its employee(s). With respect to the introduction of Protected Materials at the deposition of an individual not a party to this lawsuit and not an employee of Rainbow Foods, the parties shall treat that deponent as if he or she is an expert under paragraph 4(b) of this Order.

**IT IS SO ORDERED.**

**BY THE COURT:**

Franklin L Noel

**Hon. Franklin L. Noel**
**United States Chief Magistrate Judge**

**Dated:** March 9, **2001.**