**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Aimee L. Storlie

Plaintiff,

v.

Rainbow Foods Group, Inc., d/b/a/ Rainbow Foods, and John Albert Martinson,

Defendants.

Civil No. 00-1817 DDA/FLN

**ORDER FOR JUDGMENT**

---

The above-entitled action came on for trial before the undersigned and a jury on October 15, 2001. On October 18, 2001, the jury returned its Special Verdicts as follows:

Did Defendant Martinson batter Aimee Storlie?

**Answer:** Yes

What sum of money, if any, will fairly and adequately compensate Aimee Storlie for damages suffered by her as a result of the battery?

**Answer:** $3,000.00

Was Plaintiff Aimee Storlie subjected to a hostile sexual work environment by Defendant Rainbow Foods?

**Answer:** Yes

What sum of money, if any, will fairly and adequately compensate Aimee Storlie for damages suffered by her as a result of the sexual harassment?

**Answer:** $12,000.00

Was Rainbow Foods Group, Inc.'s conduct in providing a hostile sexual work environment done with malice or with reckless indifference to Aimee Storlie's rights?

**Answer:** Yes

What sum of money, if any, do you assess against Rainbow Foods Group, Inc. as punitive damages for engaging in the discriminatory practice of providing a hostile sexual work environment?

**Answer:** $60,000.00

NOV 07 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 07 2001
DEPUTY CLERK

Upon the foregoing Special Verdicts of the jury,

**IT IS ORDERED** that the Clerk enter judgment as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that the Plaintiff Aimee L. Storlie recover of Defendant John Albert Martinson the sum of Three Thousand Dollars ($3,000.00) as and for compensatory damages.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Plaintiff Aimee L. Storlie recover of the Defendant Rainbow Foods Group, Inc., d/b/a Rainbow Foods the sum of Twelve Thousand Dollars ($12,000.00) as and for compensatory damages.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Plaintiff Aimee L. Storlie recover of the Defendant Rainbow Foods Group, Inc., d/b/a Rainbow Foods the sum of Sixty Thousand Dollars ($60,000.00) as and for punitive damages.

DATED: November 7, 2001.

Donald D. Alsop

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995